[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-11605

_____

D. C. Docket No. 03-02486-CV-WBH-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 26, 2005
THOMAS K. KAHN
CLERK

HI-TECH  PHARMACEUTICALS, INC.,

Plaintiff-Counter- Defendant-Appellant,

versus

HERBAL HEALTH PRODUCTS, INC.,
d.b.a. Dynamic Life, Inc.,

Plaintiff-Counter -Claimant-Appellee,

DYNAMIC HEALTH PRODUCTS, INC.,
INNOVATIVE COMPANIES, INC.,
d.b.a. Innovative Health Products, Inc.,
ONLINE MEDS RX., INC.,
f.k.a. Dynamic Life, Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 26, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and KRAVITCH Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Hi-Tech Pharmaceuticals ("Hi-Tech") appeals the district court's denial of a preliminary injunction against Defendant-Appellee Herbal Health. Hi-Tech alleged that Herbal Health's product, Stamina Pro, infringed on the trademark and trade dress of Hi-Tech's male sexual enhancement product, Stamina-Rx. We conclude the district court did not abuse its discretion by denying the preliminary injunction and affirm. We also deny Herbal Health's motion for sanctions.

## FACTS

The parties do not dispute these factual findings by the district court. Hi-Tech began manufacturing Stamina-Rx in 2001. See Hi-Tech Pharms., Inc. v. Herbal Health Prods., Inc., 311 F. Supp.2d 1353, 1355 (N.D. Ga. 2004). Hi-Tech's president, Jared Wheat, registered the Stamina-Rx mark with the United States Patent and Trademark office on 5 August 2003. The Stamina-Rx pill is blue and in the shape of a hexagon. It is packaged in a clear bottle with a white top. The bottle also contains an image, which the district court described as "a robot-like being with arms raised holding a sphere, and the words 'maximum sexual stimulant.'" Hi-Tech Pharms., Inc., 311 F. Supp.2d at 1355.

Until about late winter or spring of 2003, Herbal Health bought and distributed Stamina-Rx. After that, Herbal Health began "manufacturing, marketing, and selling their own dietary supplement for improving sexual performance called Stamina Pro." Hi-Tech Pharms., Inc., 311 F. Supp.2d at 1355. Stamina Pro is a blue pill in hexagonal form, and it too is sold in a clear bottle with a white top. The district court described the Stamina Pro bottle as having an "image of a robot-like being with his arms by his sides and the words 'maximum male sexual enhancement formula.' . . . [and containing] the statement 'compare to Stamina-Rx TM.'" Id. at 1355-56.

Hi-Tech sought a preliminary injunction to prevent Herbal Health from producing, marketing, advertising, promoting and selling Stamina Pro. The district court denied that motion, and Hi-Tech appealed to this Court.

## STANDARD OF REVIEW

The decision to grant or deny a motion for preliminary injunction is reviewed for an abuse of discretion. Cumulus Media, Inc. v. Clear Channel Communications, Inc., 304 F.3d 1167, 1171-72 (11th Cir. 2002). We review the district court's legal conclusions de novo. Id. Findings of fact are reviewed for clear error. Id. at 1171.

3

To be entitled to a preliminary injunction, Hi-Tech must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Hi-Tech outweighs the harm to Herbal Health; and (4) that an injunction would be in the interest of the public. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). To show a likelihood of success on the merits for both the trademark and trade dress infringement, Hi-Tech must show that consumers will likely confuse the Stamnia-Rx mark or dress with Stamina Pro. See Carnival Brand Seafood Co. v. Carnival Brands, Inc., 187 F.3d 1307, 1309 (11th Cir. 1999) (trademark); Wal-Mart Stores, Inc., v. Samara Bros., Inc., 120 S. Ct. 1339, 1343 (2000) (trade dress). Likelihood of confusion is ultimately a question of fact that we review for clear error. Cumulus Media, Inc., 304 F.3d at 1172 n.5. Hi-Tech argues that the district court legally erred by requiring it to show actual consumer confusion instead of the proper threshold of a likelihood of confusion. We disagree. The district court said that actual confusion was one of the "most important factors in the likelihood of confusion analysis," but it also said that Hi-Tech has "not presently demonstrated a substantial *likelihood* of success." 311 F. Supp.2d at 1357 (emphasis added). We have long said that the type of mark and evidence of actual confusion are the

4

most weighty of considerations. Frehling Enters., Inc., v. Int'l Select Group, Inc., 192 F.3d 1330, 1335 (11th Cir. 1999). Accordingly, the district court made no legal error and did not clearly err by finding no likelihood of confusion. Thus, Hi-Tech cannot show a substantial likelihood of success on the merits.

We also agree with the district court that Hi-Tech did not demonstrate that irreparable harm would occur without the injunction. Hi-Tech relies on McDonald's Corp. v. Robertson, 147 F.3d 1301 (11th Cir. 1998), and it argues that irreparable harm may be presumed when a likelihood of confusion is established. Robertson is distinguishable; the district court there found "substantial likelihood of confusion" existed. Id. at 1310. No such showing was made here. And, as noted by Judge Hunt, Hi-Tech's own evidence indicated that "sales of Stamina-Rx . . . exceeded $3 million in the last month, and the product is currently on back order." 311 F. Supp.2d at 1357. Hi-Tech did not challenge this finding on appeal. We are, therefore, unconvinced that irreparable harm will befall Hi-Tech without the preliminary injunction.

Herbal Health filed a motion for sanctions pursuant to Federal Rules of Appellate Procedure 38. That motion is denied.

AFFIRMED.

5